# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RICHARD DARON KENNEDY, :
AIS 196984,
:
    Petitioner,
:
vs.                                  CA 10-0251-CG-C
:
LEON FORNISS,
:
    Respondent.

## REPORT AND RECOMMENDATION

Richard Daron Kennedy, a state prisoner presently in the custody of the respondent, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

1.     Kennedy was convicted of murder and child abuse in the Circuit Court of Mobile County, Alabama on January 7, 1998, and was sentenced to consecutive terms of life imprisonment and ten years. (*Compare* Doc. 12, at 1-2 *with* Doc. 4, at 2) Petitioner's convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals in an unpublished memorandum decision issued on October 2, 1998. *See*

*Kennedy v. State*, 744 So.2d 956 (Ala.Crim.App. 1998) (table). A certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on October 20, 1998. (Doc. 12, Exhibit B, at 2)

2. Kennedy filed his first Rule 32 petition in the Circuit Court of Mobile County, Alabama on June 20, 2000, collaterally attacking his convictions and sentences. (*Id.*) Following the trial court's denial of the petition, the Alabama Court of Criminal Appeals dismissed the appeal as untimely filed. (*Id.*) Thereafter, Kennedy filed three additional Rule 32 petitions, all of which were denied. (*See id.*)

3. Kennedy filed a petition seeking federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, on June 29, 2007, collaterally attacking his convictions and sentences. *See Kennedy v. Forniss*, CA 07-0338-CG-M, Doc. 1. On November 20, 2007, Magistrate Judge Bert W. Milling, Jr. recommended that the petition be denied as time-barred. (*See* Doc. 12, Exhibit B). Chief United States District Judge Callie V.S. Granade adopted the Magistrate Judge's report and recommendation by order and judgment entered on January 16, 2008. (*See* Doc. 12, Exhibit C) On February 7, 2008, Kennedy filed written notice of appeal or alternatively for certificate of appealability, *Kennedy v. Forniss*, CA 07-0338-CG-M, Doc. 25, and later a motion for leave to appeal *in forma pauperis*, *id*. at Doc. 30. On February 28, 2008, Chief Judge Granade entered an order denying petitioner's motion for certificate of appealability. (Doc. 12, Exhibit D) On May 6, 2008, the Eleventh Circuit Court of Appeals denied petitioner's motion for certificate of appealability, finding that Kennedy "failed to make a substantial showing of the denial

of a constitutional right." (Doc. 12, Exhibit E, at 1) Petitioner sought reconsideration and on June 17, 2008, a panel of the Eleventh Circuit again denied petitioner's motion for certificate of appealability due to his failure "to make the requisite showing." (*See id.* at 2)

4. Kennedy filed another Rule 32 petition in the Circuit Court of Mobile County, Alabama in 2008 and also a state habeas corpus petition in that court in 2009. (*See* Doc. 4, at 4-5) These collateral petitions were summarily dismissed by the trial court (*see id.*) and the appeals of same were dismissed without reaching the merits (*see id.* at 5).

5. Kennedy filed the instant habeas corpus petition in this Court on May 6, 2010. (Doc. 1, at 14 (petition signed and given to prison authorities for mailing on this date)) The claims petitioner seeks to raise in the instant petition are entirely different from those raised in his first federal habeas petition. (*Compare* Doc. 4, at 8-9 *with* Doc. 12, Exhibit A, at 7)

## CONCLUSIONS OF LAW

1. Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), quoting 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S.

1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* ___ U.S. ___, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

2. The instant § 2254 petition, filed May 6, 2010, is clearly a successive petition,[1] yet there is nothing to indicate that Kennedy filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this second/successive petition. *See, e.g., Farris v. United States,* 333 F.3d 1211, 1216 (11th

---

[1] A district court's dismissal of a petitioner's first habeas petition on statute of limitations grounds, as here, constitutes an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *See Jordan v. Secretary, Department of Corrections,* 485 F.3d 1351, 1353 (11th Cir.) ("[I]n September of 2000, Jordan filed his first petition in federal court pursuant to 28 U.S.C. § 2254. The district court dismissed it with prejudice as untimely. He then filed another Rule 3.850 motion for collateral relief in the state trial court. After that motion was denied, Jordan in October of 2003 filed *pro se* an application in this Court seeking an order permitting him to file a second or successive § 2254 petition in the district court. . . . A panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so."), *cert. denied sub nom. Jordan v. McDonough*, 552 U.S. 979, 128 S.Ct. 450, 169 L.Ed.2d 315 (2007).

4

Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his second federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Kennedy's request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

    3.    In light of the foregoing, this cause is due to be dismissed for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala.) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the

Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief.'"), *report & recommendation adopted by* 2010 WL 653691 (2010).

4. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

"adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition is unquestionably a successive petition and Kennedy's first federal habeas petition was denied on the merits as time-barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition for want of jurisdiction or that Kennedy should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## **CONCLUSION**

The Magistrate Judge recommends that Richard Daron Kennedy's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). Kennedy is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 14th day of September, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).